IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JAMES SPIVEY, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 14CV625 |
| | ) | |
| TIMCO AVIATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. #9) and Defendants' Motion to Strike (Doc. #15). Both motions have been fully briefed, or the time to do so has lapsed, and they are ripe for review. For the reasons explained below, Defendants' Motion to Dismiss for Failure to State a Claim is GRANTED, and Defendants' Motion to Strike is DENIED.

I.

Plaintiff James Spivey, Jr. filed a complaint against TIMCO Aviation Services ("TIMCO") alleging wrongful termination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. (Doc. #2.) His factual allegations consist entirely of the narrative in his Charge of Discrimination (the "Charge") filed with the Equal Employment Opportunity Commission, which Mr. Spivey attached to his Complaint as

Attachment A. (Doc. #2-1.) In the Charge, he explains that he initially worked for TIMCO as an Aircraft Mechanic from May 2000 to January 2003, when he left due to the worsening of a medical condition. (Id. ¶ 1.) He alleges that he was rehired as an Aircraft Mechanic in May 2013, at which time his employer and managers were aware of his disability. (Id.) Allegedly, in July 2013, during the ninety-day probationary period of employment, Mr. Spivey was called into the office with his manager and his supervisor, at which time he was terminated. (Id.) He was allegedly told that he was terminated for tardiness, lack of productivity, and lack of tool control. (Id.)

Mr. Spivey alleges that TIMCO did not follow the progressive discipline policy, did not call him in, and did not write him up "regarding the few times [he] was tardy." (Id. ¶ 2.) He alleges that "[a]s to taking too long to make the necessary repairs on the insulation blanket, others were taking too long as well." (Id.) He also alleges that "[t]he tool bag I left on the aircraft was a small one and we still had work to complete so there was no real issue." (Id.)

II.

Defendant TIMCO argues that Mr. Spivey has failed to allege facts sufficient to state a claim for wrongful discharge under the ADA for which

2

relief may be granted. (See Docs. #9, 10.) A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (noting that a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). However, when a complaint states facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). "[L]abels and conclusions[,]" "a formulaic recitation of the elements of a cause of action[,]" and "naked assertions . . . without some further factual

3

enhancement" are also insufficient. Twombly, 550 U.S. at 557, 127 S. Ct. at 1966.

A pro se complaint "is to be liberally construed and . . ., however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted). Nevertheless, the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (2008). When evaluating whether the complaint states a claim that is plausible on its face, the facts are construed in the light most favorable to the plaintiff and all reasonable inferences are drawn in his favor. U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014).

The ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To plead disability discrimination, a plaintiff must allege facts showing that he has a disability, that he is a qualified individual, and that his employer discriminated against him because of his disability when he was terminated. Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997).

A.

An individual is considered to have a disability if he "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) [has] a record of such an impairment; or (C) [is] regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). It is a plaintiff's burden to show that his impairment substantially limits a major life activity. Halperin v. Abacus Tech. Corp., 128 F.3d 191, 199 (4th Cir. 1997).

Here, the only allegations of Mr. Spivey's disability are his conclusory allegations when he checked the "Disability" box in the Charge and alleged in the narrative portion of the Charge that he "was discriminated against and was discharged on the basis of a disability in violation of [the ADA]." He does not allege the nature of his disability or any physical or mental impairment, that the impairment substantially limits a major life activity, or that he has a record of or is regarded as having such an impairment.

In his response in opposition to TIMCO's motion to dismiss (Doc. #12), Mr. Spivey does not argue that he sufficiently pled this element in his Complaint. Instead, he alleges that he is blind in his left eye, has had a cornea transplant in his right eye, and his visual impairment "substantially limits the major activity of seeing things." (Id. at 1.) He also argues that a

5

record of his impairment is established by medical and pharmacy records, the EEOC, the Social Security Administration, the U.S. Department of Health and Human Services, insurance, and this Court. (Id. at 2-3.) Were these allegations to suffice, none of these facts are in his Complaint.

B.

Even if Mr. Spivey had sufficiently pled facts alleging that he has a disability as defined in the ADA, he has not pled facts showing that he is a qualified individual under the ADA. A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In his Complaint, Mr. Spivey not only alleges that, during the probationary employment period, he was told he was terminated for tardiness, lack of productivity, and lack of tool control, but he admits to such performance issues. (Doc. #2-1.) He explains that he was tardy a "few times," that he was "taking too long to make the necessary repairs on the insulation blanket," and that he left his tool bag on the aircraft. (Id.) He also alleges that he considered leaving his tool bag on the aircraft as "no real issue." (Id.) Other than alleging that TIMCO rehired him as an Aircraft Mechanic, which could suggest TIMCO considered his past work

6

performance there sufficient, Mr. Spivey has alleged no facts showing that he was performing the essential functions of his job as an Aircraft Mechanic or could have done so with reasonable accommodation.[1]

In his response in opposition to TIMCO's motion to dismiss, as before, Mr. Spivey does not argue that his allegations in the Complaint sufficiently allege that he is a qualified individual. Instead, he alleges that, as part of his employment records, he received two awards for TIMCO-required job training and one certificate of appreciation for three years of service. (Doc. #12 at 3.) In further support of his argument, he asks the Court to infer that he is a qualified individual because TIMCO continued to employ him, offered him overtime opportunities, and paid him for all hours worked, while it "willfully" ignored its own employee discipline policies. (Id.) Even if these facts were sufficient to show that Mr. Spivey were a qualified individual, none of these facts are alleged in the Complaint.

C.

Had Mr. Spivey sufficiently alleged facts to support the first two elements of his discrimination claim, he has not alleged sufficient facts that TIMCO discharged him because of his disability. Instead, his factual

---

[1] Mr. Spivey has not alleged TIMCO failed to provide him with reasonable accommodation.

7

allegations demonstrate that TIMCO discharged Mr. Spivey during his probationary period of employment for a combination of specific performance issues – tardiness, lack of productivity, and lack of tool control – each of which Mr. Spivey admits. (Doc. #2-1.) In addition, Mr. Spivey alleges that when he was rehired in May 2013, his employer and managers were aware of his disability. (Doc. #2-1.) While this allegation that TIMCO knew of Mr. Spivey's disability is necessary for an inference of discrimination, it is not sufficient. In this case, TIMCO and Mr. Spivey's managers allegedly knew of Mr. Spivey's disability and <u>rehired</u> him anyway, undermining an inference of discrimination. See <u>Tyndall v. Nat'l Educ. Ctrs., Inc. of Ca.</u>, 31 F.3d 209, 215 (4th Cir. 1994) ("An employer who intends to discriminate against disabled individuals or holds unfounded assumptions that such persons are not good employees would not be apt to employ disabled persons in the first place.").

Although Mr. Spivey alleges that other employees were taking too long to make necessary repairs to the insulation blanket (Doc. #2-1), he does not allege that those employees were similarly situated such that they were also within their probationary employment period or also had problems with attendance and tool control. Further, he does not allege that those employees were not disabled or that they were not discharged.

As before, in his response to TIMCO's motion to dismiss, Mr. Spivey does not argue that he sufficiently alleged facts in his Complaint to support an inference that TIMCO discharged him because of his disability. Instead, as TIMCO details, in addition to acknowledging his performance issues and alleging that TIMCO knew of his disability when he was hired, Mr. Spivey also alleges that TIMCO afforded him the opportunity to improve his work performance, provided him leave[2] to attend four doctor's appointments for his vision between May 16, 2013 and July 18, 2013, gave him opportunities to work overtime, and paid him for all wages earned. (Doc. #12 at 2, 3, 7.)

Mr. Spivey attempts to argue that the fact that his new employee evaluation was completed on July 18, the day that he was at his eye appointment for which "TIMCO managers gave" him eight hours of paid leave to attend, supports an inference of discrimination. (Id. at 1.) In further support of this inference, he directs the Court to TIMCO's failure to discipline him sooner for his admitted performance issues, "TIMCO management['s]" giving him paid leave to attend his doctor's appointment the day before he was terminated, and his opportunities and pay for

---

[2] Mr. Spivey specifically alleges that "TIMCO management" gave him eight hours of paid time off for his July 18, 2013 eye appointment. (Doc. #12 at 1.)

9

overtime work. (Id. at 3, 4-5.)  Not only do these facts not support an inference of discrimination, but they are not alleged in the Complaint.

D.

In sum, Mr. Spivey has not alleged sufficient factual allegations to state a claim for relief under the ADA.  Therefore, TIMCO's motion to dismiss is granted.

In addition, Mr. Spivey's response brief (Doc. #12), entitled "Plaintiff's Response and Statement of claim [sic]," does not comply with this Court's Local Rules.  For future filings in this Court, Mr. Spivey is directed to the Court's Local Civil Rules and specifically Local Rules 7.1, 7.2, and 7.3 for the Court's expectations concerning the content, form, and length of briefs filed in support of or in response to motions.

III.

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, TIMCO has also filed a Motion to Strike Plaintiff's Secondary Response to Defendant's Motion to Dismiss (Doc. #14) as an impermissible surreply. (Doc. #15.)  The Court's Local Civil Rules only allow for the filing of a brief in support of a motion, in response to a motion, and in reply to a motion. DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) (citing L.R. 7.3 & 56.1).  "Generally, courts allow a party to file a surreply only when

10

Case 1:14-cv-00625-NCT-LPA   Document 18   Filed 09/17/15   Page 10 of 11

fairness dictates based on new arguments raised in the previously reply." Id. Here, TIMCO did not raise new arguments in its reply brief, but, instead, responded only to Mr. Spivey's response brief and in further support of its own motion to dismiss. (Doc. #13.) Nevertheless, Rule 12(f) only applies to pleadings. Therefore, while Plaintiff's Secondary Response to Defendant's Motion to Dismiss (Doc. #14) will not be struck, neither it nor its attachments have been considered. See DiPaulo, 733 F. Supp. 2d at 670 (noting the same).

IV.

For the reasons stated herein, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. #9) is GRANTED and that Defendant's Motion to Strike (Doc. #15) is DENIED.

This the 17th day of September, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

11